IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

FLOYD BANKS,                              :

    Plaintiff,                        :

v.                                        :       CA 10-0461-C

SOCIAL SERVICE COORDINATORS,
INC.,                                     :

    Defendant.                        :

# MEMORANDUM OPINION & ORDER

This action is before the Court on Plaintiff's Motion to Remand (Doc. 3), and memorandum of law in support thereof (Doc. 4), both filed August 27, 2010; Defendant's Opposition in Response to Plaintiff's Motion to Remand and Motion to Show Cause (Doc. 8), filed September 10, 2010; and Plaintiff's Reply to Defendant's Opposition in Response to Plaintiff's Motion to Remand and Motion to Show Cause (Doc. 11), filed September 17, 2010. For the reasons that follow, the motion is hereby **GRANTED**.

## Relevant Factual and Procedural Background

Plaintiff, an Alabama resident, filed a complaint (Doc. 1-3), in the Circuit Court of Perry County, Alabama on July 20, 2010, in which he alleges fraud, negligence, wantonness, unjust enrichment, and violation of the Alabama Deceptive Trade Practices Act against Defendant Social Services Coordinators, Inc. ("SSC"), a Florida corporation, related to a contractual relationship between the parties; "SSC was contracted to become

the Plaintiff's sponsor for purposes of handling and managing the Plaintiff's eligibility recertification and redetermination to continue receiving Alabama Medicaid benefits." (Doc. 3, p.1 (citing Doc. 1-3, ¶¶ 5-22).) Each of the five counts in the Complaint contains a separate *ad damnum* clause. The first three counts—fraud, negligence, and wantonness—contain identical *ad damnum* clauses: "Plaintiff demands judgment against Defendants, both named and fictitious, jointly, separately and severally, for ***compensatory and punitive damages, in an amount to be determined by a struck jury, plus interest from the date of injury, costs and any other relief to which Plaintiff may be entitled***." (Doc. 3-1, pp. 8-9, 11 (emphasis added).) The *ad damnum* clause asserted in the unjust enrichment count states, "Plaintiff demands judgment against Defendants, both named and fictitious, jointly, separately and severally, for ***all damages and equitable relief to which Plaintiff may be entitled under law and equity***" (*id.*, p. 12 (emphasis added)), and the *ad damnum* clause asserted in the count for violation of the Alabama Deceptive Trade Practices Act states, "Plaintiff demands judgment against Defendants, both named and fictitious, jointly, separately and severally, for ***compensatory and punitive damages, costs, attorney fees, and for all other damages to which she*** [sic] ***is entitled under the law in an amount to be determined by a jury, for all claims under this lawsuit and for costs and interest***." (*Id.* (emphasis added).) The following paragraph appears immediately after this final *ad damnum* clause:

> **PLAINTIFF MAKES NO CLAIMS PURSUANT TO ANY FEDERAL LAW; NOR DOES PLAINTIFF MAKE ANY CLAIM THAT WOULD GIVE RISE TO FEDERAL JURISDICTION. PLAINTIFF'S CLAIMS ARISE SOLELY FROM STATE LAW. FURTHERMORE, THE PLAINTIFF DOES NOT ASSERT ANY**

> **CLAIM FOR MEDICARE BENEFITS. FURTHERMORE, THE PLAINTIFF DOES NOT MAKE ANY CLAIM FOR RELIEF, INCLUDING BOTH EQUITABLE RELIEF AND MONETARY DAMAGES, IN EXCESS OF $74,900.00. UNDER NO CIRCUMSTANCES WOULD THE TOTAL MOUNT OF RELIEF, INCLUDING BOTH EQUITABLE RELIEF AND MONETARY DAMAGES, EXCEED $74,900.00. EVEN IF PLAINTIFF RECOVERED UNDER EACH COUNT OF THE COMPLAINT, THE TOTAL RECOVERY WOULD NOT EXCEED $74,900.00 IN THE AGGREGATE.**

(*Id.*, pp. 12-13 (emphasis in original).)

SSC timely filed its Notice of Removal (Doc. 1) on August 23, 2010. (*See* Doc. 1-3, p. 24 (reflecting that SSC was served by certified mail on July 23, 2010).) In its Notice, SSC asserts that "Plaintiff [is attempting] to keep his diverse case out of federal court by improperly manipulating the amount in controversy" (Doc. 1, ¶ 1.); specifically, by: asserting *ad damnum* clauses—each seeking an unlimited amount of damages—in each count of his Complaint (*id.*, ¶ 14), and asserting a "do not remove me" declaration in the Complaint, purporting "to cap Plaintiff's damages at $74,900, an amount that on its face suggests that it may be disingenuous" (*id.*, ¶ 16), but refusing to stipulate separately "that he is not seeking more than $74,900." (*Id.*, ¶ 14.) Defendant, further asserts that because Plaintiff's damages declaration appears at the end of his Complaint, rather than in—each—*ad damnum* clause, Plaintiff has made an unspecified demand for damages, and the applicable burden on the removing defendant is preponderance of the evidence; that is, Defendant need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on

other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). (*See* Doc. 1, ¶¶ 18-20.)

Plaintiff's Motion to Remand relies heavily on the Complaint's "damages cap" (Doc. 3, ¶ 2), challenges Defendant's assertion "that the location of the Plaintiff's damages cap in his Complaint should determine the standard applied in removal cases" (*id.*, ¶ 5), and asserts that because Plaintiff "has specifically claimed less than the requisite jurisdictional amount in controversy in state court, the defendant must prove to a 'legal certainty' that if the plaintiff prevailed, the plaintiff would not recover below the jurisdictional amount." (*Id.*, ¶ 4 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).)

## Discussion

"Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction." *D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). SSC, as the removing defendant, must establish the propriety of removal under Section 1441 and, "therefore, bears the burden of establishing the existence of federal jurisdiction." *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.")). However, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court

with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted); *cf. Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

SSC asserts that we have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1, ¶ 12.) And while diversity of citizenship is not in dispute, the amount in controversy obviously is. As such, "the level of the defendant's burden of proof varies depending upon the allegations of plaintiff's state court complaint. Of course, in order to decide whether defendant[ has met his] burden of proof, the Court must determine exactly what that burden is." *Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1313-14 (S.D. Ala. 2003).

> [T]he burden a removing defendant must meet to prove the amount in controversy is related to the amount of deference given to the state court complaint. Generally, when a sum certain is stated, whether above or below the federal jurisdictional minimum, that assertion is given great deference, in large part, because of the presumption that plaintiff's counsel has acted in good faith in assessing damages. If the sum demanded in the complaint is above the jurisdictional minimum, a defendant's burden is light because it is unlikely that a plaintiff would falsely plead an amount that might result in removal from his chosen forum. On the other hand, if the sum demanded is below the jurisdictional minimum, a defendant's burden is heavy because it is presumed that plaintiff's counsel understands the implications of his representations and "is engaging in no deception." *Burns*, [31 F.3d] at 1095. When the state court complaint is indeterminate, then an intermediate burden is placed upon the removing defendant since there is no representation by plaintiff's counsel that would be entitled to deference. *Tapscott*, [77 F.3d] at 1356- 57.

5

*Id.* at 1314; *see also Gen. Pump & Well, Inc. v. Martix Drilling Prods. Co.*, No. CV608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009) (citing *Fitzgerald*, 282 F. Supp. 2d 1309, and stating, "If the case is a unique one, then Courts have crafted solutions to the question of burden to meet the unusual circumstances.").

As stated previously, SSC argues that Plaintiff's Complaint contains an unspecific demand for damages because the damage declaration does not appear in the *ad damnum* clause and, therefore, they need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000." (*See* Doc. 1, ¶¶ 18-20.) Plaintiff finds support for this position in the language of the Eleventh Circuit's conclusion in *Burns*—"because plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, defendant, to establish removal jurisdiction, was required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the jurisdictional minimum]," 31 F.3d at 1097—and language from several district court decisions. *See Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1363 (M.D. Fla. 1998) (Plaintiff "made an unspecified demand for damages" because their "*ad damnum* clause does not specify any dollar amount, it merely makes a general demand for certain types of relief."); *Ponce v. Fontainebleau Resorts, LLC*, 653 F. Supp. 2d 1297, 1303 (S.D. Fla. 2009) (concluding that *Burns*/legal certainty standard applied because Plaintiff's state court complaint makes a specific demand for damages in the *ad damnum* clause of the complaint); *but see Price v. Jackson Nat. Life Ins. Co.*, No. 4:10-CV-71 (CDL), 2010 WL 3731187, at *2 (M.D. Ga. Sept. 14, 2010) (Defendant removed case even though Plaintiff's Complaint—***outside*** the *ad damnum* clause—stated, "all

forms of damages sought by Plaintiff in this action do not exceed, either separately or aggregately, $74,500," arguing—just as SSC is here—"that the *ad damnum* clause of the Complaint [sought] 'all sums' due for breach of contract and fraud"; Court **remanded**, citing Plaintiff's representations in both his Complaint and motion to remand (Plaintiff "expressly disclaims and does not seek any damages in excess of $74,500") and stating, "the Court cannot find that 'an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000].'" (quoting *Burns*, 31 F.3d at 1096)).

Regardless whether this Court applies the heavy burden/legal certainty standard set forth in *Burns* or the intermediate burden/preponderance of the evidence standard set forth in *Tapscott*, SSC has not carried its burden to show that this Court has jurisdiction. SSC relies heavily on the fact that the plaintiff in *Smith v. Social Service Coordinators, Inc.*, 2:10-cv-02110-AKK, now pending in the United States District Court for the Northern District of Alabama—a case filed by some of the same attorneys who filed this case, and one SSC claims both asserts "virtually identical allegations" against SSC as this case (Doc. 8, ¶ 1) and contains an identical damages declaration (*id.*, ¶ 9)—chose not to contest the removal of her case, but instead attempted to have SSC stipulate to the fact that her demands exceed $75,000. (*Id.*, ¶¶ 5-9.) The fact that a ***different*** plaintiff brought a ***different*** lawsuit—even one containing "virtually identical allegations"—against SSC and chose not to contest SSC's removal of that lawsuit to federal court does not overcome the great deference we owe this plaintiff, who has stated a sum certain below the jurisdictional minimum in his Complaint and has vigorously defended that choice.

7

*See Fitzgerald*, 282 F. Supp. 2d at 1314; *see also Little Bend River Co., Inc. v. Molpus Timberlands Mgmt., L.L.C.*, CA 05-0450-C, 2005 WL 2897400, at *2 (S.D. Ala. Nov. 3, 2005) (noting that plaintiff, even on removal/remand, remains "master of his own claim") (citing *Burns*, 31 F.3d at 1095). This Court presumes that plaintiff's counsel has acted in good faith in assessing *this* plaintiff's damages, understands the implications of his representations, and is engaging in no deception. *See id.* (citing *Burns*, 31 F.3d at 1095). It is certainly possible that Plaintiff Smith's damages exceed the damages claimed by Plaintiff Banks in *this* lawsuit against SSC. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 & n.5 (11th Cir. 2010) (admonishing district courts to "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements").

This case, moreover, is distinguishable from *Fitzgerald*, in which this Court was confronted with "an extremely unusual removal situation," *id.* at 1315: "After invoking this Court's diversity jurisdiction in a separate action claiming damages in excess of $250,000, [*the same*] *plaintiffs* filed [a] state court complaint asserting that damages for *the same injuries* were no more than $74,500," and after removal, sought to have the second action remanded to state court, asserting that the jurisdictional minimum was not met. *Id.* (emphasis added). Based on those facts, "plaintiffs' allegation regarding the amount in controversy . . . were not made in good faith" and therefore, "plaintiffs' statement of damages [was] entitled to no deference." *Id.* Based on the facts of this case, however, the Court does not presume that plaintiff's counsel has acted in bad faith. And after an independent review of the allegations of the complaint, *see Roe*, 613 F.3d at

1062, the undersigned cannot say that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]."[1]  *Burns*, 31 F.3d at 1096 (citation omitted).

## Conclusion

In light of the foregoing, the Court **ORDERS** that the motion to remand this case to the Circuit Court of Perry County, Alabama (Doc. 3) be **GRANTED**.

**DONE** and **ORDERED** this the 6th day of October, 2010.

/s WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court does, however, caution Plaintiff, just as the courts in *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690 (S.D. Ala. Mar. 15, 2007), and *Matthews v. Fleetwood Homes of Georgia.*, 92 F. Supp. 2d 1285 (S.D. Ala. 2000), did.  *See* 2007 WL 841690, at *5 n.9; 92 F. Supp. 2d at 1289.  If Plaintiff later amends his complaint "to seek damages in excess of [the] jurisdictional threshold, suggesting that [he was] engaging in manipulative forum-shopping chicanery, [this Court will] not hesitate to impose 'swift' and 'painful' sanctions upon application."  2007 WL 841690, at *5 n.9 (citing *Matthews*, 92 F. Supp. 2d at 1289; *Federated Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 808 & n.6 (11th Cir. 2003) (observing that plaintiff's counsel are officers of the court and subject to Rule 11 sanctions for making representations for improper purposes, and that motions for sanctions may be initiated and decided even after underlying case has been resolved and is no longer pending); *Burns*, 31 F.3d at 1095 (presuming that plaintiff's counsel recognizes that representations regarding amount in controversy "have important legal consequences and, therefore, raise significant ethical implications for a court officer")).